IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 AUG -6 P 4:30
CLERK_____
SO. DIST. OF GA.

JESUS ROBLES,

    Plaintiff,

vs.

BUREAU OF PRISONS and
T. JOHNS, Warden,

    Defendants.

CIVIL ACTION NO.: CV513-056

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jesus Robles ("Robles"), who is currently incarcerated at D. Ray James Correctional Institution in Folkston, Georgia, filed a petition for declaratory judgment pursuant to 28 U.S.C. § 2201. For the reasons which follow, Robles' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Robles is serving a 64-month sentence for conspiracy to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), & 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C). He has a projected release date of October 11, 2013, via good conduct time release.

Robles contends that the issue before this Court is whether the trial judge ordered, during sentencing, that Robles be surrendered to immigration officials for

deportation upon completion of his custodial sentence. Robles seeks a declaration that the sentencing judge did not order this surrender as part of his sentence.

## DISCUSSION AND CITATION TO AUTHORITY

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). The Declaratory Judgment Act "does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction[.]" Mata v. Sec'y of Dep't of Homeland Sec., 426 F. App'x 698, 699 (11th Cir. 2011) (quoting Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 1989)). A party who is seeking to invoke the court's jurisdiction "must show: '(1) that [he] personally [has] suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.'" Am. Ins. Co. v. Evercare Co., 430 F. App'x 795, 798 (11th Cir. 2011) (quoting GTE Directories Publ'g Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995)). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (internal citation and punctuation omitted).

A declaration by this Court regarding the terms of the decision in Roble's original sentence "would not resolve the entire case or controversy as to [a party] . . ., but would merely determine a collateral legal issue governing certain aspects of . . . pending or future suits." Calderon v. Ashmus, 523 U.S. 740, 747 (1998). In addition, Robles' requested remedy properly lies pursuant to 28 U.S.C. § 2241, as this is a challenge to the execution of his sentence. Under section 2241, Robles would have to exhaust his administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). Robles has not shown that he exhausted his administrative remedies prior to filing this cause of action.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Robles' Motion for Declaratory Judgment be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 6th day of August, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

3